IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **SHERRE' CANTWELL ERNSTER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-00098 |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| successor by merger to BAC Home Loans | § | |
| Servicing, LP f/k/a Countrywide Home | § | |
| Loans Servicing LP**,** | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Original Petition. (D.E. 4.) For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.

**I.     FACTUAL SUMMARY**

The relevant facts as alleged by Plaintiff in her Original Petition (D.E. 1-2) are as follows.

Plaintiff is the record owner of the property located at 601 N. Fulton Beach Rd., Rockport, TX. In July 2006, Plaintiff obtained a home mortgage loan from H&R Block Mortgage Corporation which was secured by a Texas Home Equity Security Instrument. The Security Instrument listed H&R Block as the lender and note holder. Countrywide Home Loans, Inc. was named as the servicer of the loan. Plaintiff also signed an Escrow Account Agreement in which she agreed to pay any escrow items when due and in the amount due. However,

Plaintiff specifically elected not to have the insurance premiums and taxes for the property paid through an escrow account. Plaintiff instead elected to make these payment herself. Plaintiff timely made all payments for her insurance, property taxes, and mortgage on the property.

In 2010, Defendant Bank of America solicited Plaintiff to apply for a loan modification. Plaintiff applied for and was offered a loan modification by Defendant. After numerous conversations and exchanges with Defendant, Plaintiff decided not to enter into the proposed loan modification agreement, and no modification was ever approved by Plaintiff.

It is unclear who is the current note holder of Plaintiff's home loan. Plaintiff alleges that the original promissory note was never transferred or assigned to Defendant. However, based on the allegations of the complaint, it appears that Defendant is the current servicer of the loan.

Beginning in March 2010, Defendant began escrowing funds to pay the property taxes and insurance premiums for Plaintiff's property. Plaintiff disputed the escrow balance and indicated to Defendant's representatives that she had elected to pay the property taxes and insurance premiums herself, and not through an escrow account.

Despite Plaintiff's protestations, in July 2011, Defendant began to send letters to Plaintiff indicating that her loan was in default and threatening foreclosure. The reason for the alleged shortages in Plaintiff's payments was the creation of an escrow account used by Defendant to pay the insurance premiums and taxes on Plaintiff's property. Plaintiff alleges that money is being improperly siphoned off to the escrow account from her monthly mortgage payments and that this has resulted in a shortfall in her mortgage payments.

Plaintiff sent multiple letters to Defendant indicating that the loan was not in default and that she had made all of her mortgage payments. Plaintiff additionally contacted Defendant by telephone. Defendant indicated to Plaintiff that because she applied for a loan modification,

Fannie Mae regulations now required Defendant to escrow her insurance premiums and property tax payments.

## II.     LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the Court must examine the complaint in the light most favorable to Plaintiff, accepting all allegations as true and drawing all reasonable inferences in favor of Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995).  The Court need not, however, accept as true legal conclusions masquerading as factual allegations, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions to give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claims should not be dismissed. *Id*. at 555–56.  This test of pleadings under Rule 12(b)(6) is devised to balance Plaintiff's right to redress against the interests of the parties and the courts in minimizing expenditures of time, money, and resources. *Id*. at 557–58.

## III.    ANALYSIS

### A.     Texas Business and Commerce Code

In Plaintiff's first cause of action, she alleges that only the "holder" of an instrument is entitled to enforce the instrument, and because Defendant has not shown that it is the holder of the original promissory note, its attempts at foreclosure on her home constitute a violation of

Section 3.301 of the Texas Business and Commerce Code. (D.E. 1-2 at 6–7.) Defendant argues that this "show me the note" defense has been soundly rejected by Texas courts as inconsistent with Texas law. (D.E. 4 at 4.)

The issue in the case at hand is not whether Defendant was entitled to enforce the promissory note against Plaintiff, but whether Defendant has the right to pursue foreclose on Plaintiff's property. Under Texas law, there is no requirement that a mortgage servicer possess or produce the underlying promissory note as a prerequisite to foreclosure. *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1, n. 1 (5th Cir. Mar. 28, 2011) (unpublished, per curiam); *Griffin v. BAC Home Loans Servicing, LP*, C.A. No. H-09-03842, 2011 WL 675285, at *2 (S.D. Tex. Feb. 16, 2011); *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 469–70 (W.D. Tex. 2011). The Texas Property Code permits either a mortgagee or mortgage servicer to administer a deed of trust foreclosure without production of the original note. TEX. PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007).

In sum, the fact that Defendant has not produced the promissory note does not preclude it from seeking to foreclose on Plaintiff's property. Plaintiff's first cause of action under the Texas Business and Commerce Code fails as a matter of law, and Defendant's motion to dismiss is GRANTED with respect to Plaintiff's first cause of action.

  B.  **Texas Finance Code Claim**

Plaintiff's second cause of action alleges that Defendant's attempts to foreclose on her property constitute a violation of Sections 392.301(a)(8) and 392.304 of the Texas Finance Code. (D.E. 1-2 at 7.) Section 393.301(a)(8) provides that "a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . (8) threatening to take an action prohibited by law." TEX. FIN. CODE ANN. § 392.301(a)(8) (West 2006). As there

is no requirement that a mortgage servicer possess or produce the underlying promissory note before foreclosing on a property, Defendant's threats of foreclosure did not constitute a violation of the Texas Finance Code.

Plaintiff alleges a violation of Section 392.304 of the Texas Finance Code but fails to indicate the particular subsection under which she seeks relief. The Court finds subsection (a)(4) the only one applicable to the facts of the case at hand. Section 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs any of the following practices: . . . (4) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money . . . ." TEX. FIN. CODE ANN. § 392.304(a)(4) (West 2006). Subsection (a)(4) "does not apply to a person servicing or collecting real property first lien mortgage loans . . . ." TEX. FIN. CODE ANN. § 392.304(b). Section 392.304(a) therefore does not apply to Defendant, who is the servicer of Plaintiff's home mortgage loan.

Plaintiff's second cause of action under the Texas Finance Code fails as a matter of law, and Defendant's motion to dismiss is GRANTED with regard to Plaintiff's second cause of action.

      C.    **Texas Deceptive Trade Practices Act Claim**

Plaintiff acknowledges that she cannot claim consumer status under the Texas Deceptive Trade Practices Act. (D.E. 13 at 7, n. 1.) Accordingly, Plaintiff's third cause of action under the Deceptive Trade Practices Act fails as a matter of law. Defendant's motion to dismiss is therefore GRANTED as to Plaintiff's third cause of action.

### D.     Breach of Contract Claim

Plaintiff's fourth cause of action alleges that Defendant's escrowing of taxes and insurance without authorization constitutes a violation of the agreement. (D.E. 1-2 at 9.) Defendant seeks dismissal of the fourth cause of action, arguing that Plaintiff fails to identify the agreement to which she refers and that Plaintiff has not suffered any damages because there has been no foreclosure. (D.E. 4 at 7.)  Plaintiff responds that the complaint refers to the Texas Home Equity Security Instrument and Escrow Account Agreement and that Defendant's actions resulted in an increase in the amount of her monthly mortgage payments.  Accordingly, Plaintiff argues that dismissal is not warranted.

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, neither is Plaintiff required to plead her cause of action with particularity.  Plaintiff only need allege enough facts in support of her legal conclusions to give rise to a reasonable inference that Defendant is liable. *Twombly*, 550 U.S. at 556.  Taking the complaint as a whole, the Court finds that Plaintiff has alleged the existence of an agreement (Texas Home Equity Security Instrument and Escrow Account Agreement), a breach of that agreement (escrowing of taxes and insurance without authorization), and damages resulting from that breach (charges made in excess of the legal amount and damage to credit); accordingly, the Court concludes that Plaintiff's allegations give rise to a plausible claim for breach of contract. *Id*. at 555–56.  Defendant's motion to dismiss is therefore DENIED as to Plaintiff's fourth cause of action.

### E. Negligent Misrepresentation Claim

Plaintiff's fifth cause of action sounds in tort. The complaint alleges that Defendant made false representations as to the terms of the loan, the nature of the modifications, the nature of the escrow account, and the authorization to foreclose on Plaintiff's property; that these representations concerned material facts; that Plaintiff relied on these facts in applying for a loan modification; and that as a result of her reliance on Defendant's false representations, she suffered damages. (D.E. 1-2 at 9.)

"Negligence actions in Texas require a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (internal quotations omitted). Defendant argues that Plaintiff's tort claim fails as a matter of law because Defendant does not owe Plaintiff a legally cognizable duty. (D.E. 4 at 7.) Plaintiff counters that banks owe their customers a special duty to use reasonable care when providing their customers or potential customers with information. (D.E. 13 at 8.)

Under Texas law, a bank owes customers and potential customers a duty of reasonable care in providing information; for instance, a bank cannot give a customer false information concerning the approval of a loan knowing that the customer will rely on that information to its detriment in conducting its business. *See Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (finding that bank breached duty owed to customer when it falsely represented that loan had been approved and the customer relied on this information). However, under Texas law, a mortgagor and mortgagee have no special relationship that gives rise to a duty of care. *See Collier v. Wells Fargo Home Mortgage*, Civ. No. 7:04-cv-086-K, 2006 WL 1464170, at *8 (N.D. Tex. 2006) (collecting cases). Accordingly, where a mortgagee fails to

7

disclose to a homeowner a change in the terms of the mortgage agreement, the homeowner cannot bring a tort claim against the mortgagee because there is no fiduciary or special relationship giving rise to a duty to disclose; the only legal duty owed by the mortgagee to the homeowner is that arising from the parties' contract. *See id.* In the case at hand, by offering a loan modification to Plaintiff, a special bank-customer relationship was created between Plaintiff and Defendant. Defendant was not solely acting as Plaintiff's mortgagee, but was offering a new service or product to Plaintiff. Therefore, Defendant owed Plaintiff a duty of reasonable care in providing information to Plaintiff concerning the proposed loan modification.

Defendant argues, however, that even if it owed Plaintiff a duty of care, the only injury suffered by Plaintiff are contract damages, and therefore, Plaintiff's negligence action is barred by the economic loss rule. (D.E. 12 at 8.) "In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Plaintiff's alleged damages, however, include not only an increase in her monthly mortgage charges and potential losses to the value of her investment associated with foreclosure, but damage to Plaintiff's credit. (D.E. 1-2 at 10.) This form of damage is more akin to a personal injury and goes beyond the typical monetary losses associated with a breach of contract claim. Accordingly, Plaintiff's negligence claim is not barred by the economic loss rule.

Defendant's final argument is that Plaintiff's complaint offers only conclusory allegations and fails to specify what false information Defendant allegedly supplied, or failed to supply, how Defendant failed to exercise reasonable care in its communications with Plaintiff, what material representations Plaintiff relied upon in applying for the loan modification, or why Plaintiff's

8

reliance on these modifications was justified. (D.E. 14 at 5.)  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Plaintiff's conclusory allegations that Defendant made false representations of material facts without specific factual allegations to support these conclusions provide insufficient factual content from which the Court can draw a reasonable inference that Defendant is liable for negligent misrepresentation. *See id*. at 678–80.  Plaintiff has thus failed to state a plausible claim for relief.  Defendant is GRANTED LEAVE TO AMEND her complaint to provide additional factual allegations supporting her fifth cause of action.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Original Petition (D.E. 4) is GRANTED IN PART AND DENIED IN PART.  Plaintiff may proceed on her fourth cause of action for breach of contract.  Plaintiff is ORDERED to amend her complaint to provide additional factual allegations supporting her claim of negligent misrepresentation by October 17, 2012.  All other claims are dismissed.

ORDERED this 9th day of October 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**